No. 90-525

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN THE MATTER OF THE ESTATE OF
MERLE RUDOPLH LIGGETT, Deceased.

APPEAL FROM:   District Court of the Fifth Judicial District,
               In and for the County of Jefferson,
               The Honorable Frank M. Davis, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            John H. Jardine, Jardine & Grauman, Whitehall,
            Montana; Kenneth W. Gates, Gates & Zeimantz, P.S.,
            Spokane, Washington

        For Respondent:

            W. M. Hennessey, Hennessey and Joyce Law Office,
            Butte, Montana

FILED

AUG 27 1991

Filed:

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  August 15, 1991

Decided:  August 27, 1991

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff Lester E. Grady appeals from the judgment of the District Court of the Fifth Judicial District for Jefferson County, determining that Grady is not a pretermitted heir as set forth under § 72-2-602, MCA. We affirm the District Court.

The sole issue before the Court is whether the District Court erred in its determination that Grady does not qualify as a pretermitted heir.

The decedent, Merle R. Liggett, died on August 20, 1989, at the age of 92. His will was admitted to informal probate on September 20, 1989. The will was executed on August 14, 1989, six days before decedent's death. Neither that will nor the prior will that it revoked acknowledged that the testator had a surviving child.

The decedent did in fact have a surviving child. The plaintiff was born of the marriage of the decedent and Jessie May Goodell on March 31, 1932, in Dillon, Montana. This birth is confirmed by hospital and military records. The father filed for divorce in 1936, and custody of the child, Lester E. Liggett, was granted to the mother. Sometime after the couple's divorce, the child's surname was changed to Grady.

The record discloses that there was almost no contact between the father and son over the succeeding years. However, it is clear that the decedent was aware that his son was alive and living in Washington as late as 1969, the last time the two saw each other.

Upon the decedent's death and probate of his will, the plaintiff petitioned for a portion of the estate under the provisions of § 72-2-602, MCA, the pretermitted child statute. A hearing on the matter was held on June 11, 1990. The District Court determined that the plaintiff was entitled to succeed to his father's estate pursuant to the pretermitted child statute. The personal representative of the estate moved for reconsideration. On reconsideration, the court determined that it had erred in its earlier determination that § 72-2-602, MCA, applied, and dismissed Grady's petition. This appeal followed.

The statute at issue in this case, § 72-2-602, MCA, reads in pertinent part:

> **Pretermitted child.** (1) If a testator fails to provide in his will for any of his children born or adopted after the execution of his will, the omitted child receives a share in the estate equal in value to that which he would have received if the testator had died intestate unless:
>     (a)  it appears from the will that the omission was intentional;
>     (b)  when the will was executed the testator had one or more children and devised substantially all his estate to the other parent of the omitted child; or
>     (c)  the testator provided for the child by transfer outside the will and the intent that the transfer be in lieu of a testamentary provision is shown by statements of the testator or from the amount of the transfer or other evidence.
>     (2)  If at the time of execution of the will the testator fails to provide in his will for a living child solely because he believes the child to be dead, the child receives a share in the estate equal in value to that which he would have received if the testator had died intestate.

The District Court premised its reconsideration of plaintiff's status as a pretermitted child on an earlier misreading of the

3

statute. On reconsideration, the court noted that the statutory language refers to children "born or adopted <u>after</u> the execution" of a will. This is clearly not the case here. The District Court was correct when it reconsidered its original decision.

Plaintiff argues that subsection (2) should also grant him pretermitted child status. Plaintiff argues that his father had "emotionally and psychologically killed off his son" sometime between his last visit in 1969 and the drafting of decedent's first will in 1980. This argument is wholly unsupported by any evidence. There is, in fact, contrary evidence that indicated that plaintiff's wife had contacted the decedent in his last years in an unsuccessful attempt to set up a meeting between father and son. The District Court heard the evidence and concluded that none of it indicated that the decedent believed his son to be dead. We conclude that the lower court correctly determined the plaintiff's status as an heir pursuant to § 72-2-602, MCA. We affirm the decision of the District Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
Justice

4

We concur:

_John Conway Harrison._

_Karla M. Gray_

_William E. Hunt_

_J. C. McDonough_
Justices